IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILLIAM THOMAS NICHOLAS, JR, §<br>    #01680033, §<br>        PETITIONER, §<br>    §<br>v.   §<br>    §<br>LORIE DAVIS, DIRECTOR, TDCJ-CID, §<br>        RESPONDENT.   § | CIVIL CASE NO. 3:19-CV-2056-L-BK |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this civil action was referred to the United States Magistrate Judge for case management, including findings and a recommended disposition where appropriate. As detailed here, Petitioner William Thomas Nicholas' *pro se Motion for Writ of Coram Nobis* should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

Nicholas, a Texas state prisoner, is currently serving two life sentences for aggravated assault. *State v. Nicholas*, Nos. 007-0492-10 and 007-0493-10 (7th Jud. Dist. Ct., Smith County, Tex., Oct. 29, 2010), *aff'd*, Nos. 12-10-00392-CR and 12-10-00393-CR, 2011 WL 3273958 (Tex. App.—Tyler July 29, 2011, no pet.). In his *coram nobis* petition he appears to challenge his felony Driving While Intoxicated conviction in Dallas County Case No. F96-51486, which was purportedly used to enhance his sentences. Doc. 4 at 2-10.

While Nicholas can contest the collateral consequences of a state conviction after his sentence is discharged through a writ of *coram nobis*, such a writ must be filed in the state convicting court. *See Sinclair v. State of Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982) (per

curiam) ("It is well settled that the writ of error *coram nobis* is not available in federal court to attack state criminal judgments."); *Blake v. Florida*, 395 F.2d 758, 759 (5th Cir.1968) (per curiam) (concluding writ of *coram nobis* must be filed with the convicting court).  Accordingly, this Court lacks jurisdiction to grant Nicholas coram nobis relief.  *See Back v. Amarillo Police Dep't*, 673 Fed. Appx. 458, 458–59 (5th Cir. 2017) (per curiam) (finding no "authority to grant coram nobis relief to a state prisoner seeking to attack a state court judgment").

For the foregoing reasons, the petition for writ of error *coram nobis* should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**SO RECOMMENDED** on August 3, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).